# Court of Appeals
# of the State of Georgia

ATLANTA, July 06, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0589. SAMUEL F. COOPER v. TRUIST BANK.

In 2024, Samuel Cooper filed an action against Truist Bank, asserting it had violated provisions of the Real Estate Settlement Procedures Act and the Truth in Lending Act. Truist Bank subsequently filed a motion to quash the summons and service, which the trial court granted after finding that Cooper's summons failed to comply with OCGA § 9-11-4(b) and that Cooper failed to serve Truist Bank at the appropriate address.[1] Cooper then filed a motion to set aside that order pursuant to OCGA § 9-11-60(d). The trial court denied Cooper's motion and ordered Cooper to properly serve Truist Bank with a copy of the complaint and a legally sufficient summons. Cooper then filed this application for discretionary appeal. We, however, lack jurisdiction.

As Cooper admits in his application, the trial court's order he is seeking to appeal is interlocutory and not final. Because this case remains pending below, Cooper was required to comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to obtain appellate review at this juncture. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures. *Scruggs v. Ga. Dept. of*

---

[1] Cooper filed a discretionary application seeking to appeal the quash order, which this Court dismissed. Case No. A25D0483 (July 29, 2025).

*Human Resources*, 261 Ga. 587, 588–89(1) (408 SE2d 103) (1991); OCGA § 5-6-35(a)(8) (an appeal from an order denying a motion to set aside under OCGA § 9-11-60(d) must be initiated by filing an application for discretionary review). Accordingly, Cooper's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__07/06/2026_____

        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.